WILLIAMSON, AD., v. DOBY, AD., ETC.

PROMISSORY NOTE: *Maker's equities against assignee.*

Doby, in settlement of a debt to Miller, executed to him or bearer a promissory note payable one day after date, with the understanding that the note was to be settled in a subsequent settlement to be had between them of Doby's legacy in an estate then in Miller's hands as executor and largely in excess of the note. Before the settlement Miller became insolvent and transferred the note to Williamson. *Held:* That the transfer was a fraud upon the part of Miller; and being after the maturity of the note, Williamson had no greater rights than Miller, and his suit should be abated or dismissed without prejudice to the bringing of another suit, if upon settlement between Miller and Doby's representative, anything should be found due to Miller.

APPEAL from *Clark* Circuit Court.
Hon. A. B. WILLIAMS, Circuit Judge.

REPORTER'S STATEMENT.

This suit was instituted by James Williamson against J. M. Doby to the October term, 1872, of the Clark circuit court, on a note executed by the latter to James Miller or bearer on the sixth day of June, 1866, for $500, and payable one day after date, and afterward transferred, by delivery, to the plaintiff.

The defendant answered, admitting the execution of the note, but alleging that in the year 1860, Sarah Massey, the mother of defendant and of said Miller, died in South Carolina, leaving a large estate, of which she devised to the defendant a one-fifth part, and appointed said Miller as executor of her will. That Miller qualified as executor and took charge of her estate, consisting of land and personal property of the value of $25,000. That the estate owed no debts of consequence, and that Miller sold the

44—36

property amounting to $20,000, and distributed the proceeds among the other legatees and had never paid to defendant any part of the estate. That said note was given to Miller upon the representation that he had paid for defendant a debt in South Carolina, to the amount of the note, and was given with the belief and trust that Miller was to account to the defendant for said amount and settle the same out of the effects of said Sarah Massey, then in his hands, and due to the defendant, and was merely to have the effect of a receipt or memorandum, and to be settled in the final settlement of defendant's legacy in said estate.

That since the execution of the note the lands of the estate had been sold and the plaintiff had purchased them and still owed a part of the purchase-money, and neither he nor Miller had accounted to defendant for any portion of it. That Miller, long before the transfer, had committed great waste of the estate, for which he was liable to the defendant in a much larger sum than the amount of the note ; and that the plaintiff was the grandson of said testatrix—lived in South Carolina during the whole time of the above transactions, and was well acquainted with all of the foregoing facts when the note was transferred to him. That defendant has never received any part of his distributive part of said estate, and that several thousand dollars are now due him, for which the plaintiff and said Miller ought to account to him.

The answer concluded with a prayer for a transfer of the cause to the equity docket, and that the note be delivered up and be canceled, and its collection be enjoined, and for other relief. The transfer to the equity docket was made.

Before the hearing, both parties died, and the cause was revived in the names of their respective administrators.

Upon the hearing sundry depositions were read as evidence for the defendant, against the objections of the plaintiff for irrelevancy. The plaintiff offered no evidence except the transcript of a decree from South Carolina in a suit of one *Billings v. Williamson*, and the opinion of the supreme court of South Carolina in the case, which the court excluded for irrelevancy.

The evidence is voluminous; the conclusions to be deduced from it sufficiently appear in the opinion of the court, and its insertion here is unnecessary to a proper understanding of the questions decided.

The court found the facts as set out in the defendant's answer, and rendered a decree perpetually enjoining the collection of the note, and for the cost of the suit against the plaintiff, and he appealed to this court.

*H. H. Coleman*, for appellants:

Relied upon the rule in equity pleading, which makes the answer proof, unless overturned by two witnesses, or one with strong corroborating circumstances. 2 *Story, sec.* 1528; 2 *Atkins*, 219; 6 *Ark.*, 315; 13 *Ark.*, 596.

*M. P. Doby*, for appellee:

James Miller made himself personally liable to Doby for the latter's share of the estate. 2 *Williams on Exrs.*, secs. 1193, 1194, 1195, 1196; 1105, 1106, 1110, 1115, 1116, 1122; *Lewin on Trustees, Etc.*, secs. 329, 359, 764, 765, 766, 767, 768, 739, 224, 226. Also party purchasing with notice becomes trustee. 1 *Story's Eq.*, secs. 395, 361.

Plaintiff took the note with all existing equities. *Gantt*, 563, 565, 566; 4 *Ark.*, 559; *Rose, p.* 663, secs. 71, 72; 13 *Ark.*, 9; *ib.*, 71, 522; 22 *ib.*, 278; 25 *ib.*, 278, 238.

Good defense at law, or equity. *Waterman on Set-Off*, 2d ed., pp. 18, 19; also p. 50, sec. 18; also referred to 15 *Ark.*, 378; 12 *ib.*, 668; 23 *ib.*, 296.

HARRISON, J.   The depositions objected to by the plaintiff tended to prove the facts alleged in the answer, and were properly admitted to be read.

Doby was not a party to the suit of Billings against Williamson in South Carolina; and the certified copies of the decree, and of the opinion of the supreme court of the state, in that case, offered by the plaintiff, were not, therefore, competent evidence, nor had they any relevancy whatever, and were rightfully rejected.

The evidence sustained, we think, the answer and the finding of the court.

The fact that Miller lived in South Carolina and Doby in Arkansas, and that the instrument was made payable one day after date, and the other admitted facts in the case, were strongly corroborative of the testimony of Doby, that it was given only as an acknowledgment of his liability to Miller on account of the surety debt he had paid for him, and with the understanding that it was to be a credit in the settlement between them in respect to his legacy or portion in his mother's estate, and not as an absolute obligation.   Such being the case it was a fraud in Miller, contrary to the intent and understanding with which he received it, before such a settlement, to assign it.   It was an attempt by him to take undue and unconscientious advantage by a breach of the confidence reposed in him.   *1 Story's Eq.*, sec. 187.

And having been assigned after maturity, the plaintiff had no better right to sue on it than Miller had before the assignment.

If, however, upon a settlement hereafter, it should be found that Miller is not indebted to Doby's estate, or not to the amount specified in the instrument, the plaintiff will be entitled to whatever is due upon it, as he stands in

the position of assignee of whatever right—legal or equitable—Miller may have had in it. The plaintiff should not, therefore, have been perpetually enjoined from suing on the instrument, but his action should have been abated or dismissed without prejudice to his right to bring another suit, if upon settlement between Miller and Doby's representative, it should be found that anything was due Miller.

The decree must be reversed, and a decree will be rendered here as above indicated.